**FOREST SERVICE EMPLOYEES FOR ENVIRONMENTAL ETHICS, Plaintiff—Appellant,**

v.

**UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, Defendant—Appellee.**

No. 05–35134.

D.C. No. CV–04–03061–MRH.

United States Court of Appeals, Ninth Circuit.

Submitted July 13, 2005.*

Decided July 21, 2005.

Timothy M. Bechtold, Esq., Rossbach Hart Bechtold, PC, Missoula, MT, for Plaintiff–Appellant.

Lisa E. Jones, Esq., Benjamin Longstreth, Esq., DOJ–U.S. Department of Justice Environment & Natural Resources Division, Timothy Racicot, Esq., U.S. Department of Justice Enviromental & Natural Resources Div., Washington, DC, James L. Sutherland, Esq., USEU–Office of the U.S. Attorney, Eugene, OR, Jeffrey K. Handy, Esq., Stephen J. Odell, USPO–Office of the U.S. Attorney, Portland, OR, Roger R. Martella, Jr., Esq., Washington, DC, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before RYMER, KLEINFELD, Circuit Judges, and WEINER,** Senior District Judge.

## MEMORANDUM ***

Forest Service Employees for Environmental Ethics ("FSEEE") appeals the denial of its motion for a preliminary injunction. FSEEE sought to prevent the Forest Service from continuing timber sales related to the Biscuit Fire Recovery Project, alleging that the Forest Service was not properly marking riparian reserves, and was not properly monitoring its own marking activities. The district court denied the preliminary injunction because there was not a serious question about whether the Forest Service was properly marking riparian reserves, and neither the balance of harms nor the public interest favored an injunction. We have jurisdiction pursuant to 28 U.S.C. § 1292, and affirm.[1]

The district court did not abuse its discretion in denying injunctive relief. Regardless of whether the First Amended Complaint clearly alleged a monitoring claim, the Forest Service produced evidence indicating it was monitoring riparian buffering and therefore the court did not err when it determined that the monitoring claim was not likely to succeed. Thomas Link sufficiently challenged the allegations of Richard Nawa thereby supporting the district court's determination that FSEEE's marking claim was unlikely to succeed. *See Arizona Cattle Growers'*

*v. U.S. Fish & Wildlife,* 273 F.3d 1229, 1236 (9th Cir.2001). The balance of harms does not tip sharply in FSEEE's favor because enjoining salvaging efforts for a lengthy period of time could eviscerate the economic viability of the sales and increases the risk of another fire. *See Fund for Animals, Inc. v. Lujan,* 962 F.2d 1391, 1400 (9th Cir.1992). The district court judge did not conflate the public interest analysis with public opinion because he specifically referenced his prior order, which adequately discussed the "fractured" nature of the public interest analysis. *Kootenai Tribe of Idaho v. Veneman,* 313 F.3d 1094, 1125 (9th Cir.2002).

AFFIRMED.

---

** The Honorable Charles R. Weiner, Senior Judge, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or.by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. This case is not moot, as the government suggests. The same claims made in the first amended complaint are carried forward into the second amended complaint, and as to them there continues to be a live controversy as to which effective relief can be granted. *See Cantrell v. Long Beach,* 241 F.3d 674, 678 (9th Cir.2001).

